## 176.  HARDAWAY *v*. THE STATE.

An indictment under the act of 1903 (Acts 1903, p. 44) amending the Penal Code, § 221 (which provides "for the posting of lands and for the punishment of persons hunting thereon"), alleging that the accused did on the first day of December, 1905, . . hunt with firearms upon the land of [A], said lands being then and there posted by having two cards on said land . . forbidding all persons to hunt on said lands, and the said [A] having registered his name in the register for posting lands in the clerk's office in said county as required by law," is defective, and sets forth no offense under the statute, and should have been quashed on demurrer. Under the requirements of the above act, the indictment should allege, that the notice had been posted by the landowner in two or more places on each tract of land; that the landowner had registered his name in "the register for posting lands," after

first having stated, etc., that said two notices had been posted; and that at the time of registering he gave a description of the lands, by giving the district in which the lands were located, the number of the lots, or other description sufficient to put the public on notice of the lands referred to.

Certiorari, from Greene superior court—Judge Lewis. December 6, 1906.

Submitted January 29,—Decided February 5, 1907.

*James B. & Noel P. Park,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general, James Davison,* contra.

HILL, C. J.  Tom Hardaway was indicted in the superior court of Greene county for a misdemeanor, the indictment charging, that he "did on the first day of December, 1905, in said county, hunt with firearms upon the land of C. J. Thornton, said lands being then and there posted by having two cards on said lands, and one of said cards being then and there posted at the courthouse door in said county, forbidding all persons hunting on said lands, and the said C. J. Thornton having registered his name in the register for posting lands in the clerk's office in said county as required by law."  Said indictment was transferred to the county court of Greene county.  The defendant demurred to the indictment on various grounds, and the demurrer was overruled; whereupon the defendant "waived formal arraignment, trial by jury, and pleaded not guilty."  After hearing the evidence, the court found the defendant guilty.  The defendant presented his petition for certiorari, alleging, "that said demurrer should have been sustained by the county judge, that certain evidence was erroneously admitted, that his conviction was illegal, contrary to law, and without evidence to support it."  The petition was sanctioned and the writ of certiorari issued.  On hearing the certiorari, the judge of the superior court overruled the same and affirmed the judgment of the court below.  To this judgment of the court the defendant excepted, and assigns the same as error.

The first and second grounds of the demurrer can well be considered together.  The second ground of the demurrer is that the indictment is defective in that it does not put the defendant upon notice as to what lands of C. J. Thornton are meant, and that said lands are not sufficiently described, nor does said indictment allege what district they are in.  By reference to the act

of 1903 (Acts 1903, p. 44), amending section 221 of the Penal Code, it will be seen under what conditions the law makes hunting upon the lands of another a misdemeanor. Section 1 of this act declares that "It shall be the duty of the landowners to post a notice in two or more places on each tract of land . . forbidding all persons to hunt thereon." Section 2 of the act requires that the landowner, in addition to posting the notice aforesaid "in two or more places on each tract of land," shall register his or her name in a book to be known as "the register for posting lands," in the office of the clerk of the superior court, after having first stated, etc., that the two notices have already been posted upon said landowner's land as required by section 1 of this act. Section 4 of this act provides that "At the time of the registering of the name of the landowner he shall also register a description of the lands that have been posted, giving the district in which said lands are located, and either the numbers of the lots or other description of the lands sufficient to put the public on notice of the land referred to."

Construing all these sections of the act together, we think it clear that before it becomes an offense to hunt on the lands of another, the following facts must exist: First, the landowner shall post a notice in two or more places on each tract of land, forbidding all persons to hunt thereon. Second, said landowner shall register his name in the register for posting lands, stating in the presence of the officers in charge of said book that the two notices have already been posted upon each tract of land. Third, at the time of the registering of the name of the landowner and the posting of the land, the landowner shall also register a description of the land that has been posted, giving the district in which said land is located, and either the numbers of the lots or other description of the land, sufficient to put the public on notice of the land referred to. What the act requires shall be done to constitute the offense should be alleged in the indictment and shown by the evidence. The omission of either one of these essential allegations is fatal to the indictment. We therefore hold that the court erred in not sustaining the demurrer on the first and second grounds, and that the judgment of the superior court in overruling the certiorari was error.          *Judgment reversed.*